# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

 v.

Kerry E. Erie

March 12, 2014

Case No. (Criminal) CR14-576

BY JUDGE JOHN R. DOYLE, III

This matter was before the Court yesterday, March 11, 2014, on a Motion To Suppress.

The pertinent facts are quite simple and straightforward. Ms. Erie was driving a vehicle in the vicinity of Berkley Avenue. She was under investigation and observation by three cars containing six Norfolk Police Narcotics Investigators. The Investigators lacked any basis related to their investigation to seize or detain Ms. Erie.

Ms. Erie arrived at the intersection of Berkley Avenue and Campostella Avenue. An aerial photograph of this intersection was admitted as Defense Exhibit 1. The intersection is controlled by a traffic light. As Ms. Erie approached the intersection, Berkley Avenue divides into three lanes. The left hand lane is marked by two large arrows as a left turn only lane. The center lane is for through traffic and on the opposite side of the intersection Berkley Avenue becomes one lane. The right lane is marked by two large arrows as a right turn only lane.

When Ms. Erie arrived at the intersection she steered into the right turn only lane and came to a stop. She did not signal her intention to turn right. One of the Norfolk Police cars came to a stop behind her. After she turned right onto Campostella Avenue, the Narcotics Investigators pulled her over for her failure to signal. That stop eventually led to the discovery of a quantity of marijuana.

Ms. Erie challenges the propriety of the traffic stop.

The issue is simply whether Ms. Erie was obliged by law to signal her intention to turn right. Virginia Code § 46.2-848 states in pertinent part:

> Every driver who intends to . . . turn or partly turn from a direct line . . . whenever the operation of another vehicle may

be affected by such movement, shall give the signals required
of his intention to make such a movement.

Under the facts of this case, the Court can conceive of no vehicle that was affected by Ms. Erie's right turn from the dedicated right turn only lane. The testimony of the Commonwealth witnesses did not point to any such vehicle. Indeed, the vehicles behind Ms. Erie were unaffected. The vehicles approaching the intersection from Ms. Erie's left could not have seen the turn signal even if activated and were not affected as the intersection was controlled by a traffic light. Vehicles approaching from Ms. Erie's right were unaffected, as the intersection was controlled by a traffic light. Vehicles approaching from the opposite direction were unaffected. Moreover, from where Ms. Erie was positioned when she came to a stop, she had no option other than to turn right.

One Commonwealth witness candidly admitted that the Narcotics Investigators took advantage of Ms. Erie's failure to signal as an opportunity to stop her vehicle in furtherance of their investigation into her activities. While a legitimate traffic stop can serve this purpose, the Court finds that Ms. Erie's failure to signal her right turn from the right turn only lane at this intersection did not violate the provisions of Va. Code § 46.2-848.

The officers lacked authority to stop Ms. Erie's vehicle. The Defendant's Motion To Suppress is granted.